UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| YARABITH LIMON,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY, a foreign insurer licensed to do business in the State of Washington,<br><br>　　　　　　Defendant. | No. 2:23-cv-1486<br><br>King County Cause No. 23-2-15705-2 SEA<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 USC §1332, 28 USC §1441 and 28 USC §1446**<br><br>*(Clerk's Action Required)* |

TO:　　The Clerk of the United States District Court for the Western District of Washington;

AND TO:　　Plaintiff and Plaintiff's Counsel of Record.

**PLEASE TAKE NOTICE** that the named Defendant, ALLSTATE INSURANCE COMPANY, is not the entity that issued the insurance policy at issue. The insuring entity, Allstate Fire and Casualty Insurance Company, an out of State/foreign automobile insurance company that conducts business in the State of Washington ("Defendant" or "Allstate") hereby removes to this Court the state court action described below. In support thereof, Defendant states as follows:

　　1.　　Plaintiff filed the Summons and Complaint with King County Superior Court on August 21, 2023. The Cause Number assigned to the above-mentioned case is: 23-2-15705-

No 2:23-cv-1486
NOTICE OF REMOVAL - 1

WATHEN | LEID | HALL | RIDER, P.C.
222 Etruria Street
Seattle, WA, 98109
(206) 622-0494/Fax (206) 587-2476

2 SEA. True and correct copies of the Complaint and Summons filed August 21, 2023, are attached hereto as **Exhibit A** and **Exhibit D,** respectively.

## PARTIES

2. In the Complaint, Plaintiff is purportedly a resident of Snohomish County, Washington. See **Ex. A**, ¶1.1.

3. The named entity, Allstate Insurance Company, did not issue the policy implicated in this case. The insuring entity, Allstate Fire and Casualty Insurance Company, is a foreign insurance company incorporated in the State of Illinois with its principal place of business in Northbrook, Illinois. Defendant is licensed to conduct business in the State of Washington.

## AMOUNT IN CONTROVERSY

4. The removing Defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

5. In Plaintiff's Complaint, Plaintiff alleges that he is entitled to insurance coverage under a policy of insurance issued by Allstate, policy No. 817 433 041 (hereafter the "Policy"). *See, generally,* Exhibit A (Complaint).

6. The subject Policy provides underinsured motorist coverage in the amount of $25,000, per person/ $50,000.00, per accident, subject to the terms and conditions of the Policy. *See* **Exhibit A,** at ¶ 3.3, and **Exhibit J - Policy Declarations Page.**

7. In the Complaint, Plaintiff alleges pursuant to the terms and conditions of the policy, she submitted a demand to Allstate for payment of her underinsured motorist coverage. See **Exhibit A** at ¶3.8.

No 2:23-cv-1486
NOTICE OF REMOVAL - 2

WATHEN | LEID | HALL | RIDER, P.C.
222 Etruria Street
Seattle, WA, 98109
(206) 622-0494/Fax (206) 587-2476

8.      Plaintiff alleges that she is entitled to contractual benefits in addition to extra-contractual remedies. *See,* **Exhibit A**. The contract contemplates up to $25,000 in underinsured motorist coverage. *See* **Exhibit J Policy Declarations Page.** The contractual damages alone, if trebled, would put the amount in controversy at $75,000 before any fees to which Plaintiff could be entitled.

9.      In addition to general and special damages, Plaintiff alleges that Allstate is liable to Plaintiff for enhanced damages as authorized by the Consumer Protection Act and for reasonable attorneys' fees and costs incurred in the prosecution of this action. *See* **Exhibit A**, 5.5.

10.     Plaintiff sent Allstate a letter demanding $37,776.28, broken down as $9,444.07 in contractual damages, and $28,332.21 in CPA treble damages and attorneys' fees and costs. These numbers do not include any emotional distress or future special damages.

11.     Plaintiff's complaint alleges additional damages in paragraphs 5.2 and 5.3, namely the increased attorney's fees attributed to Allstate's alleged negligence, permanent injury, and ongoing disability attributable to the underlying accident. *See* **Exhibit A.**

12.     The allegations of permanent and ongoing disability indicate that there are future damages that were not accounted for in Plaintiff's IFCA demand. *See* **Exhibit K.** Future damages for permanent injuries and ongoing disability may well exceed $75,000 in special damages before any award of general damages, thus meeting the jurisdictional minimum.

13.     Plaintiff's IFCA letter, on page 1 paragraph 3 further alleges that Allstate has prevented Plaintiff from obtaining necessary treatment, thereby indicating there are future medical special damages that will be at issue in litigation, and costs associated with obtaining experts to prove up said damages. *See* **Exhibit K – IFCA Letter.**

No 2:23-cv-1486
NOTICE OF REMOVAL - 3

WATHEN | LEID | HALL | RIDER, P.C.
222 Etruria Street
Seattle, WA, 98109
(206) 622-0494/Fax (206) 587-2476

14. Where medical specials are already claimed in the amount of $9,444.07,

15. It is common for general damages to equal or exceed special damages, particularly where there is an alleged ongoing disability or permanent injury. Further, the alleged future treatment may equal or exceed the present special damages, resulting in an award many times the damages concretely identified at the inception of a case.

16. Where an underlying statute authorizes an award of attorney's fees, such fees may be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). A reasonable estimate of attorney's fees likely to be expended throughout the entire litigation is properly included within the amount in controversy. *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998).

17. After combining the contractual damages, noneconomic damages, and general damages including trebling of damages pursuant to RCW 48.30.015(2)-(3), as well as Plaintiff's allegations of emotional distress and future care needs, Defendant has shown, by a preponderance of the evidence, that the amount in controversy requirement for diversity jurisdiction is met.

## JURISDICTION

18. For purposes of determining jurisdiction under 28 U.S.C. § 1332, Plaintiff is a citizen of the State of Washington. The Allstate entity that issued the policy in question, Allstate Fire and Casualty Insurance Company, is a citizen of Illinois.

19. The amount in controversy exceeds $75,000.00, exclusive of interest.

20. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper pursuant to 28 U.S.C. § 1441.

No 2:23-cv-1486
NOTICE OF REMOVAL - 4

WATHEN | LEID | HALL | RIDER, P.C.
222 Etruria Street
Seattle, WA, 98109
(206) 622-0494/Fax (206) 587-2476

## TIMELINESS

21. Defendant believes that the Summons and Complaint were served by Plaintiff on the Office of the Insurance Commissioner on August 24, 2023. The date of filing this Notice of Removal is believed to be within thirty (30) days from the date this matter first became removable.

## INTRADISTRICT ASSIGNMENT

22. Pursuant to Local Rule 3(e) for the United States District Court for the Western District of Washington, this case should be assigned to the Seattle Division because the case is removed from King County Superior Court. Venue in King County is improper, and this matter should have been filed in Snohomish County Superior Court. Snohomish County Superior Court is also assigned to the Seattle Division, and so assignment to the Seattle division is proper. Plaintiff alleges in the Complaint that he is a resident of Snohomish County, and that Allstate is a foreign corporation doing business in the State of Washington. *See,* Exhibit A ¶¶ 1.1 and 1.2.

## COPY OF SUMMONS AND COMPLAINT

In accordance with Western District of Washington Local Rule 101(b), counsel for Defendant hereby verifies that these Exhibits, along with this Notice of Removal, are true and complete copies of all the records and proceedings filed in the state court in this matter. Pursuant to Local Rule 101(b), Defendant is also filing contemporaneously with this Notice of Removal a copy of the operative complaint as a separate attachment in the ECF system labeled as the complaint.

1. Attached to this Notice as **Exhibit A** is a true and correct copy of the Complaint filed with the Court, dated 08/21/23.

No 2:23-cv-1486
NOTICE OF REMOVAL - 5

WATHEN | LEID | HALL | RIDER, P.C.
222 Etruria Street
Seattle, WA, 98109
(206) 622-0494/Fax (206) 587-2476

1    2.    Attached to this Notice as **Exhibit B** is a true and correct copy of the Order Setting Civil Case Schedule issued and filed by the Court.

3.    Attached to this Notice as **Exhibit C** is a true and correct copy of the Case Information Cover Sheet filed with the Court.

4.    Attached to this Notice as **Exhibit D** is a true and correct copy of the Summons filed with the Court, dated 08/21/23.

5.    Attached to this Notice as **Exhibit E** is a true and correct copy of the Declaration of Service filed with the Court, dated 08/25/23.

6.    Attached to this Notice as **Exhibit F** is a true and correct copy of the Declaration of eService filed with the Court, dated 08/25/23.

7.    Attached to this Notice as **Exhibit G** is a true and correct copy of the Notice of Appearance filed with the Court by Defendant Allstate, dated 09/01/23.

8.    Attached to this Notice as **Exhibit H.1** is a true and correct copy of the Notice of Withdrawal and Substitution filed with the Court by Defendant RWL & LBW.

9.    Attached to this Notice as **Exhibit H.2** is a true and correct copy of the Notice of Withdrawal and Substitution inadvertently filed with the Court by Defendant RWL & LBW.

10.    Attached to this Notice as **Exhibit I** is the printout for King County showing the docket for the case, as of the date of filing.

11.    Attached to this Notice as **Exhibit J** is a true and correct copy of the policy declarations page of Allstate policy No. 817 433 041.

12.    Attached to this Notice as **Exhibit K** is a true and correct copy of the IFCA letter sent by Plaintiff to Allstate and the OIC.

No 2:23-cv-1486
NOTICE OF REMOVAL - 6

WATHEN | LEID | HALL | RIDER, P.C.
222 Etruria Street
Seattle, WA, 98109
(206) 622-0494/Fax (206) 587-2476

13. Defendant will file the appropriate notice of this removal with the Clerk of the King County Superior Court for Cause Number 23-2-15705-2 SEA.

Dated this 22nd day of September, 2023.

**WATHEN | LEID | HALL | RIDER, P.C.**

*s/ Rory W. Leid, III*
Rory W. Leid, III, WSBA #25075

*s/ Lucy B. Wilhelm*
Lucy B. Wilhelm, WSBA #57130
*Attorneys for Allstate*
222 Etruria Street
Seattle, WA 98109
Tel: (206) 622-0494 | Fax: (206) 587-2476
rleid@cwlhlaw.com | lwilhelm@cwlhlaw.com

No 2:23-cv-1486
NOTICE OF REMOVAL - 7

WATHEN | LEID | HALL | RIDER, P.C.
222 Etruria Street
Seattle, WA, 98109
(206) 622-0494/Fax (206) 587-2476

# CERTIFICATE OF SERVICE

The undersigned makes the following declaration certified to be true under penalty of perjury pursuant to RCW 9A.72.085:

On the date given below, I caused the *original* of the foregoing to be filed using the King County Superior Court Clerk's e-Filing application, and I caused to be served a true and correct *copy* on the following individual(s) in the manner indicated:

| **Counsel for Plaintiff:**<br>Christopher Cazares, WSBA #36098<br>Falin McKenzie, WSBA #56067<br>POLARIS INJURY LAW<br>10500 Valley View Road, Suite 100<br>Bothell, WA  98011<br>Tel : 425 637 1300<br>chris@polarisinjurylaw.com | **Via Email/E-Service** |
|---|---|

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this 22nd day of September, 2023, at Seattle, Washington.

*s/ Brianna Asman*
Brianna Asman, Legal Assistant
basman@cwlhlaw.com

No 2:23-cv-1486
NOTICE OF REMOVAL - 8

WATHEN | LEID | HALL | RIDER, P.C.
222 Etruria Street
Seattle, WA, 98109
(206) 622-0494/Fax (206) 587-2476