UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YARABITH LIMON, | CASE NO. C23-1486 MJP |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| ALLSTATE INSURANCE COMPANY, | |
| Defendant. | |

After reviewing the Notice of Removal and supporting materials (Dkt. No. 1), the Court issues this Order to Show Cause as to why this matter should not be remanded for lack of subject matter jurisdiction. Specifically, the Court questions whether the amount in controversy exceeds $75,000.

A defendant may remove an action filed in state court if the federal district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Durham

v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006); Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007). Federal courts strictly construe the removal statute and must reject jurisdiction if there is any doubt as to the right of removal in the first instance. See Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). When "it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 416 (9th Cir. 2018) (quotation omitted). "In assessing the amount in controversy, we may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." Id. And any doubts as to the right of removal must be resolved in favor of remanding to state court. See Durham, 445 F.3d at 1252.

Based on the Court's review of the Notice of Removal, it has substantial doubts that it has subject matter jurisdiction. In this action, Plaintiff claims that Defendant wrongfully denied coverage for underinsured motorist benefits under her insurance policy. (See Complaint ¶¶ 3.1-3.13 (Dkt. No. 1-3).) Her lawsuit includes claims for breach of contract, violations of the Washington Insurance Fair Conduct Act, violations of the Washington Consumer Protection Act, breach of the duty of good faith, and negligence. (See id. ¶¶ 4.1-4.6.) The UIM benefits are subject to a cap of $25,000, and prior to filing suit, Plaintiff demanded only $37,776.28 to resolve the claims. The pre-suit demand includes $9,444.07 in contractual damages and $28,332.21 in treble damages under the CPA and attorneys' fees and costs. Defendant concedes that these are the amounts Plaintiff has put in dispute, but suggests that Plaintiff may also seek additional and future damages for permanent injuries, ongoing disabilities, and Defendant's

interference with her ability to obtain treatment that "may well exceed $75,000." (Notice of Removal at 3.)

To ensure the Court has subject matter jurisdiction and that this matter was properly removed, the Court ORDERS Defendant to SHOW CAUSE why this action should not be remanded for lack of subject matter jurisdiction. Defendant must file a responsive brief of no more than 12 pages or 4,200 words by no later than October 18, 2023. Plaintiff's response to Defendant's brief must be filed by no later than October 25, 2023 and may not exceed 12 pages or 4,200 words. Defendant may file a reply of no more than 6 pages or 2,100 words, which must be filed by no later than October 30, 2023.

The clerk is ordered to provide copies of this order to all counsel.

Dated October 5, 2023.

Marsha J. Pechman
United States Senior District Judge

ORDER TO SHOW CAUSE - 3