UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YARABITH LIMON,

Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

Defendant.

CASE NO. C23-1486 MJP

ORDER OF REMAND

This matter comes before the Court on the Parties' responses to the Court's Order to Show Cause (Dkt. No. 7). Having reviewed Plaintiffs' Response and Reply (Dkt. Nos. 8, 11), Plaintiff's Response (Dkt. No. 10), and all supporting materials, the Court REMANDS this action to King County Superior Court.

**BACKGROUND**

Plaintiff Yarabith Limon was injured in a car collision and sought both personal injury protection (PIP) and uninsured motorist (UIM) coverage from her insurer, Defendant Allstate Insurance Company. (Complaint ¶¶ 3.1-3.9 (Dkt. No. 1-3).) Although Allstate's Notice of

Removal states that the UIM coverage provides for $25,000 per person and $50,000 per accident, its Response brief asserts that there is only $25,000 in UIM and $10,000 in PIP coverage. (Compare Notice of Removal ¶ 6 (Dkt. No. 1) with Def. Response at 2 (Dkt. No. 8).) Regardless, Allstate denied coverage. (Compl. ¶ 3.10.) Limon then filed suit in King County Superior Court, pursuing the following claims: (1) a violation of the Washington Insurance Fair Conduct Act (IFCA) (Compl. ¶ 4.1); (2) a violation of the Unfair Claims Settlement Practices Act (id. ¶ 4.2); (3) breach of contract (id. ¶ 4.3); (4) a violation of the Washington Consumer Protection Act (CPA) (id. ¶ 4.4.); (5) breach of the common law duty of good faith (id. ¶ 4.5); and (6) negligence (id. ¶¶ 4.6-.4.7). Limon seeks actual and "enhanced damages, as well as attorneys' fees. (Id. ¶¶ 5.1-5.5.) In a pre-suit demand, Limon identified $28,332.21 as the entire amount of damages, including treble damages and attorneys' fees. (Dkt. No. 1-2 at 45-46.) Specifically, Limon sought $9,447.07 in actual damages based on her medical bills, and an additional $18,884.14 representing the treble damages sought under IFCA for a total of $28,332.21. (Id. at 46.) Limon also asked for attorneys' fees and costs, though the amount was not specified. (Id.)

Allstate removed this action from King County Superior Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Allstate claimed that because Limon's pre-suit notice demanded $37,776.28, the likely amount of attorneys' fees and costs, emotional damages, and future special damages would exceed the $75,000. (Notice of Removal ¶¶ 10-15.) In response to the Court's Order to Show Cause, Allstate did not provide any supporting evidence. But with its Reply, counsel for Allstate untimely provided summaries of verdicts in two insurance cases and an award of attorneys' fees in a distinct case against Allstate. (Declaration of Lucy Wilhelm & Exs. A-C (Dkt. No. 12).)

**ANALYSIS**

A defendant may remove an action filed in state court if the federal district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006); Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007). Federal courts strictly construe the removal statute and must reject jurisdiction if there is any doubt as to the right of removal in the first instance. See Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). When "it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 416 (9th Cir. 2018) (quotation omitted). "In assessing the amount in controversy, we may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." Id. And any doubts as to the right of removal must be resolved in favor of remanding to state court. See Durham, 445 F.3d at 1252.

Allstate has failed to meet its burden to demonstrate that the amount in controversy here exceeds $75,000. Beyond the complaint which specifies no amount in controversy, Allstate provides no evidence beyond Limon's pre-suit demand as to the amount in controversy. That letter shows a demand for only $9,444.07 in medical specials and a request for treble damages under IFCA of $18,884.14. (Dkt. No. 1-2 at 46.) Although Allstate suggests that Limon seeks a total of $37,776.28, the letter itself requests only $28,332.21 in total for all damages. Nowhere does Allstate explain its math. Even if the total should be $37,776.28, this is far below the

minimum threshold. Similarly, the Court is not convinced that the policy limits support a finding that the actual amount in controversy exceeds $75,000. Such a conclusion is remote, hypothetical, and divorced from the damages at issue or the pre-suit demand Limon presented. And even though Limon seeks attorneys' fees and costs, Allstate has failed to show how the fees and costs would cause the amount in controversy to exceed the $75,000 threshold. Indeed, the three cases Allstate untimely provided with the Reply brief do not satisfy the Court that the attorneys' fees and costs in this case will exceed the $75,000 threshold. None of the materials Allstate provided shows the complexity of the cases, the scope of the legal work, or any grounds to compare the likely attorneys' fees and costs at issue in this case. Lastly, Allstate provides no evidence to support its claim that Limon's emotional and future medical damages might add up to exceed the $75,000 threshold. This appears to be premised on mere suppositions. Nothing in the two case summaries Allstate provided with its Reply allows the Court to determine whether the amounts at issue in this unique case will be similar. Given the lack of evidence, the Court finds that Allstate has failed to demonstrate that the amount in controversy exceeds $75,000. The Court lacks subject matter jurisdiction, and this matter cannot proceed in this forum.

**CONCLUSION**

The Court lacks subject matter jurisdiction over this action under 28 U.S.C. § 1332(d). The Court REMANDS this matter to King County Superior Court for all further proceedings. Separately, the Court notes that although the case was removed from King County Superior Court, it appears the action may belong in Snohomish County Superior Court, given Limon's party, jurisdiction, and venue allegations. (See Compl. ¶¶ 1.1-1.2, 2.1-2.4.) But the Court does not resolve the question of venue, as that lies outside the scope of determining whether this action must be remanded.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 7, 2023.

Marsha J. Pechman
United States Senior District Judge